**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4477

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ALEXANDER JUAREZ-SANCHEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Julie R. Rubin, District Judge.  (1:21-cr-00174-JRR-1)

Submitted:  April 29, 2024                           Decided:  May 21, 2024

Before GREGORY and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Alfred Guillaume, III, LAW OFFICES OF ALFRED GUILLAUME III, Greenbelt, Maryland, for Appellant.  Erek L. Barron, United States Attorney, Baltimore, Maryland, Adam K. Ake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Alexander Juarez-Sanchez of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841; and reentry after deportation, in violation of 8 U.S.C. § 1326(a). On appeal, Juarez-Sanchez challenges one of the district court's pretrial suppression rulings, the court's decision to qualify one of the Government's witnesses as an expert, and a comment made by the Government during its closing argument. We affirm.

In his first claim, Juarez-Sanchez argues that two search warrants issued in this case were not supported by probable cause. Below, the district court rejected this argument and, in the alternative, held that the good faith exception to the exclusionary rule applied. *See United States v. Brunson*, 968 F.3d 325, 334 (4th Cir. 2020) ("[E]vidence 'seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective' is not subject to suppression, despite the existence of a constitutional violation." (quoting *United States v. Leon*, 468 U.S. 897, 905 (1984)). On appeal, Juarez-Sanchez neglects to challenge the court's application of the good faith exception; consequently, he has waived appellate review of this issue, *United States v. Ebert*, 61 F.4th 394, 402 (4th Cir.), *cert. denied*, 144 S. Ct. 149 (2023), so we need not consider the validity of the warrants.

Next, Juarez-Sanchez asserts that the district court abused its discretion when allowing one of the Government's fact witnesses to provide expert testimony. Under Fed. R. Evid. 702, expert testimony is permitted if it "is (1) helpful to the jury in understanding

2

the evidence or determining a fact at issue, (2) based on sufficient facts or data, (3) the product of reliable principles and methods, and (4) the product of a reliable application of those principles and methods to the facts of the case." *Sardis v. Overhead Door Corp.*, 10 F.4th 268, 281 (4th Cir. 2021) (cleaned up). "We review a district court's decision to qualify an expert witness, as well as the admission of such testimony, for abuse of discretion." *United States v. Garcia*, 752 F.3d 382, 390 (4th Cir. 2014).

The Government's first witness, a Maryland State Police officer, testified as a fact witness about conducting a traffic stop that led to Juarez-Sanchez's arrest and prosecution. Later, the Government recalled the officer to provide expert testimony on the subject of illicit drug trafficking. After extensive voir dire, the district court found that the officer's training and experience were sufficient to qualify him as an expert. Based on our review of the record, we discern no abuse of discretion.

In a related argument, Juarez-Sanchez takes issue with the district court's cautionary instruction, which admonished the jury "to differentiate [the officer's] testimony about his personal experience with the traffic stop and his expert opinion . . . in the field of illicit drug trafficking." (J.A.[*] 675). Because Juarez-Sanchez did not object at trial, we review only for plain error. *United States v. Baptiste*, 596 F.3d 214, 224 (4th Cir. 2010)

"[D]ual-role testimony—like all testimony—requires a determination of whether 'its probative value is substantially outweighed' by the risk of unfair prejudice or jury confusion." *United States v. Smith*, 919 F.3d 825, 837 (4th Cir. 2019) (quoting Fed. R.

---

[*] Citations to "J.A." refer to the joint appendix filed in this appeal.

Evid. 403)).  "To maintain this Rule 403 balance, district courts must be vigilant to avoid the danger of confusing the jury when a [police officer] testifies as an expert" and as a fact witness.  *Id.*  "[E]xamples of safeguards the district court may employ" include "requiring the witness to testify at different times, in each capacity[,]" and "giving a cautionary instruction to the jury regarding the basis of the testimony."  *Id.* (internal quotation marks omitted).

Here, the officer testified at separate times, and the district court provided an appropriate cautionary instruction.  Furthermore, during the expert portion of his testimony, the officer made no mention of Juarez-Sanchez or the traffic stop.  For these reasons, we discern no plain error in the court's handling of this matter.

Finally, Juarez-Sanchez insists that a comment made during the Government's closing argument deprived him of a fair trial.  "[T]his Court reviews a claim of prosecutorial misconduct to determine whether the conduct so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *United States v. Whyte*, 918 F.3d 339, 352 (4th Cir. 2019) (internal quotation marks omitted).  "In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we consider (1) whether the remarks were, in fact, improper, and, (2) if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial."  *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir. 2018) (internal quotation marks omitted).

Following the traffic stop, law enforcement seized from the vehicle multiple kilograms of fentanyl and heroin, a substantial sum of cash, and two cell phones that

4

allegedly belonged to Juarez-Sanchez, who had been riding as a passenger.  Based on messages recovered from the phones, the Government alleged that Juarez-Sanchez and the driver twice traveled to California, picked up packages of fentanyl and heroin, and then made deliveries while traveling east.  In its closing argument, the Government quoted a message sent from Juarez-Sanchez's phone to a Mexico-based coconspirator: "I'm almost leaving Nevada.  There are tacos.  We have some here for you."  (J.A. 775 (internal quotation marks omitted)).  The Government then told the jury: "Now, if anyone thinks that the defendant has gotten some carryout tacos to send to Mexico, that's just not what's going on.  Tacos, I don't need to tell you, are code words for the drugs."  (J.A. 775).  Juarez-Sanchez lodged an objection, which the district court sustained.

Assuming without deciding that the Government's comment was improper, we cannot conclude that it denied Juarez-Sanchez a fair trial.  Indeed, the comment was isolated, any prejudice was minimal, the evidence presented at trial was strong, and there is no indication that the Government intended to mislead the jury.  *See Saint Louis*, 889 F.3d at 157.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5